```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PHILIP MORRIS USA INC.,

                        Plaintiff,           **NOT FOR PRINT OR
                                             ELECTRONIC
    -against-                                PUBLICATION**

U.S. SUN STAR TRADING, INC., a New York      **ORDER ADOPTING REPORT
Corporation, AN LONG LI, an individual,      AND RECOMMENDATION**
and DOES ONE through TEN, inclusive,

                        Defendants.          08-CV-0068 (KAM)(JO)
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

        Plaintiff Philip Morris USA Inc. ("Philip Morris" or "plaintiff") commenced the instant action against defendants U.S. Sun Star Trading, Inc. ("Sun Star") and its incorporator and alleged alter-ego An Long Li ("Li") (collectively, "defendants") alleging that the defendants imported commercial quantities of counterfeit MARLBORO® brand cigarettes into the United States in violation of federal and state law.  (See Doc. No. 1, Complaint ("Compl.").)  Following defendants' default, Philip Morris moved for a default judgment and injunctive relief.  (See Doc. No. 53, Mot. for Default; see also Doc. No. 54, Declaration of Sara K. Pildis in Support of Motion for Default ("Pildis Decl."); Doc. No. 55, Memorandum of Law in Support of Motion for Default ("Mem.").)

        On October 23, 2009, the court referred this motion to Magistrate Judge James Orenstein for a report and recommendation

("R&R"). (See Order dated 10/23/09.) On March 11, 2010, Judge Orenstein issued an R&R recommending that the court grant the plaintiff's motion for default judgment and find the defendants jointly and severally liable to Philip Morris on the Complaint's first six causes of action in the total amount of $90,350 (consisting of $90,000 in statutory damages and $350 in costs) and that the court issue a permanent injunction. (See Doc. No. 60, R&R dated 3/11/10.) Additionally, Judge Orenstein recommended that the court deny the remainder of the plaintiff's motion and dismiss the Complaint's seventh and eighth causes of action which alleged state law statutory claims of deceptive business practices and trademark infringement. (See id. at 1-2.)

Notice of the Report and Recommendation was sent electronically to all parties via the court's electronic filing system on March 11, 2010. Plaintiffs served a copy of the Report and Recommendation on the defendants and filed a declaration of service on April 21, 2010. (Doc. No. 61.)[1] As set forth in the Report and Recommendation, the parties had a right to file written objections to the Report and Recommendation by March 29,

---

1    Judge Orenstein's March 11, 2010 Order directed plaintiff to serve a copy of the Report and Recommendation on defendant Sun Star by certified mail and to file proof of such service no later than March 15, 2010. (See R&R at 35.) Plaintiff failed to do so, and on April 21, 2010, this court again ordered plaintiff to serve a copy of the Report and Recommendation together with a copy of the court's April 21st Order upon defendants and to file a declaration of service on that same day. (See Order dated 4/21/10.) In light of the previous unsuccessful attempts to serve defendant Li, (see R&R at 3-5), neither Judge Orenstein nor this court required plaintiff to attempt further service upon Li.

2010. (See R&R at 35; see also docket text accompanying Doc. No. 60.)  Following belated service of the Report and Recommendation on April 21, 2010, defendants were allowed an additional fourteen days, or until May 10, 2010, to file written objections to the Report and Recommendation.  The period for filing objections for all parties has now lapsed, and no objections to the Report and Recommendation have been filed.

A district court reviews those portions of a report and recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ."  28 U.S.C. § 636(b)(1)(C).  However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record."  Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a careful review of the record and Judge Orenstein's thoroughly researched and well-reasoned Report and Recommendation, the court finds no clear error in Judge Orenstein's Report and Recommendation and hereby affirms and adopts the Report and Recommendation in its entirety as the opinion of the court pursuant to 28 U.S.C. Section 636(b)(1).  Accordingly, and for the reasons set forth above and based upon

the findings of fact and conclusions of law set forth in the Report and Recommendation: (1) defendants are permanently enjoined from (i) using the "MARLBORO" trademark and/or the "MARLBORO Roof Design Label" trademark (collectively, the "Marlboro Marks"), (see Compl. ¶ 4), and (ii) from aiding and abetting anyone else to use the Marlboro Marks; (2) Sun Star and Li are jointly and severally liable in the amount of $90,350 on Counts One through Six of the Complaint (consisting of $90,000 in statutory damages and $350 in costs); and (3) the remainder of the Complaint, consisting of Counts Seven and Eight, is dismissed.

By June 4, 2010, plaintiff's counsel shall submit a proposed Judgment and Permanent Injunction consistent with the Report and Recommendation and this Order.

**SO ORDERED.**

Dated:  May 27, 2010
        Brooklyn, New York

                                    _____/s/_____
                                    **Kiyo A. Matsumoto**
                                    United States District Judge